IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-CR-0122-001-CVE |
| v. ) | |
| ) | USM Number: 10443-062 |
| RICHARD DUWAYNE HORN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for payment of fine to be deferred (Dkt. # 30). In November 2008 defendant pleaded guilty to Count One of a one-count indictment charging possession of certain material involving the sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). In January 2009 defendant was sentenced to 30 months imprisonment, ordered to pay a $100 special assessment and $1,000 fine, and further ordered to serve a five-year term of supervised release following release from imprisonment. Defendant argues for deferral of the fine payment while imprisoned because the requirement to pay the fine places a financial hardship on him and his family.

The Court is without jurisdiction to modify, remit, or defer all or part of the unpaid portion of a fine. District courts do not have inherent jurisdiction to modify a sentence at any time. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996) (holding that a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so). A criminal fine may be remitted, modified, or deferred, but only at the request of the United States. Pursuant to 18 U.S.C. § 3573, upon petition of the government showing that reasonable efforts to collect a fine or assessment are not likely to

be effective, the court may, in the interest of justice, remit all or a portion of the unpaid fine or assessment, defer payment to a date certain, or extend to a date certain an installment schedule previously ordered. It is clear that § 3573, amended pursuant to the Criminal Fine Improvements Act of 1987, effective December 11, 1987, provides that only the government may file a petition seeking to defer a defendant's fine. See United States v. Linker, 920 F.2d 1, 2 (7th Cir.1990); United States v. Gonzalez, 248 F.3d 1128 (1st Cir. 2000) (district court lacked jurisdiction to act on defendant's post-conviction request to remit fine). Even if defendant were to move for modification of the fine due to inability to pay, the Court, absent a motion from the United States, would not have authority to consider such motion.

In his motion, defendant argues the Court erred by delegating to the U.S. Bureau of Prisons' Inmate Financial Responsibility Program (IFRP) authority to establish the amount and timing of the fine payment. Without specificity, defendant claims the Court-ordered payment schedule improperly affords the Bureau of Prisons discretion to establish payment amounts. Defendant questions the authority to make use of modest prison income and moneys provided by his family to pay the fine. Defendant is correct that a court may not delegate this function. When a district court provides that a criminal fine be paid in installments, 18 U.S.C. § 3572 requires the court to specify the payment and period of time over which the payments must be made. See 18 U.S.C. § 3572(d)(1) and (2). The court has no discretion to delegate this function. See United States v. Miller, 77 F.3d 71, 78 (4th Cir.1996) (holding that the district court may not delegate the payment schedule for a criminal fine); see also United States v. Overholt, 307 F.3d 1231, 1255 (10th Cir.2002) (holding that the district court may not delegate creation of a restitution payment schedule).

In imposition of the $1,000 fine, the Court included special instructions regarding the payment of this penalty, to wit:

> Any criminal monetary penalty is due in full immediately, but payable on a schedule of the greater of $25 quarterly or 50% of income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program while in prison. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly payments of at least $50 or 10% of net income (take home pay), whichever is greater, over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment. (See Dkt. # 28, Judgment in a Criminal Case, p. 6.)

This payment schedule is specific both as to amount and timing of the payment. The Court established a payment sum of no less than $25 and no more than one half of income as defined by the IFRP, to be paid quarterly. Although the maximum payment amount is fluid based on income, the Court, not the Bureau of Prisons, established this ceiling, thereby controlling the payment amount. In United States v. Lowe, 220 Fed. Appx. 831 (10th Cir. 2007), the Circuit upheld payment schedule language identical to that imposed against defendant, and further endorsed the Bureau of Prison's execution of that schedule pursuant to the IFRP. The Circuit ruled that the payment schedule did it improperly delegate the Court's authority to determine a payment amount or the timing of the payment to the Bureau of Prisons. The Lowe opinion further speaks to defendant's argument against the use of some of the money sent to him by his family for payment of the fine. Income, as it relates to the payment schedule for an inmate, means any moneys or pecuniary gain of the inmate. The order makes clear in the phrase ". . . income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program . . ." that income is that determined by the Bureau's policy statement relative to the IFRP, which includes all sources of money. This district

was fully aware of the Bureau's policy statement and procedures relative to the IFRP when it approved standard payment schedule language for restitution and fine orders.[1]  The Court's intent is that defendants must pay quarterly the greater of $25 or one half of all moneys received, whether through employment or by outside sources.  The Lowe opinion found that it is proper for the Bureau of Prisons to consider both institutional and non-institutional sources of income, and ruled that a district court has discretion to include gifts and unexpected monetary contributions in its payment schedule.  Id. at 833.  This Court's intent and the law are clear.  Under the payment schedule language applicable to defendant, the Bureau of Prisons may consider money from any source in reaching a plan to pay the criminal fine.

**IT IS THEREFORE ORDERED** that defendant's motion for payment of fine to be deferred (Dkt. # 30)**,** is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 4th day of January, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] This district's standard payment schedule for restitution and fine payment mirrors procedures established for the Bureau of Prisons for collection of criminal monetary penalties. See 28 C.F.R. § 545.11.  Section 545.11(b)(1) directs that the minimum payment for non-UNICOR inmates may exceed $25, taking into consideration the inmate's specific obligations, institutional resources, and community resources.